The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs on appeal. Both parties waived oral arguments before the Full Commission. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. However, pursuant to its authority under G.S. 97-85, the Full Commission modifies in part and affirms in part the Deputy Commissioners decision and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement which was filed on 27 October 1999, and at the hearing of the same date as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. CNA Insurance Company was the carrier on the risk.
3. An employee-employer relationship existed between the parties at all relevant times.
4. The date of the alleged injury in this matter is 10 May 1999.
5. The issues for determination is whether plaintiff sustained an injury by accident or as a result of a specific traumatic incident of the work assigned on 10 May 1999, and if so, to what benefits may he be entitled under the Act.
6. The parties stipulated medical reports into the record:
a. Exhibit 1-three pay stubs from defendant;
b. Exhibit 2-Statement of earnings from Anderton Corporation.
***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 10 May 1999, plaintiff was a thirty-four year old male with an eleventh grade education. He began working as an equipment operator working for the defendant-employer on or about 1 March 1999. Plaintiffs duties included grading lots for homes, clearing stumps and also cleaning up at the lots.
2. Plaintiff earned $9.50 per hour. Pay stubs reflected plaintiff worked forty hours during the week of 1 March 1999, thirty-six and a half hours during the week of 7 May 1999, and forty-eight hours during the week of 13 May 1999. Plaintiff earned $1,220.75 for 124.50 hours of work. This yields an average weekly wage of $406.92 and a generates a compensation rate of $270.29.
3. Bryan Ackerman began Total Construction Equipment, LLC in approximately February of 1999 to perform grading, landscape and subcontractor work on construction sites. Mr. Ackerman had extensive prior experience in this type business, having been in business with his brother before this. Therefore, he was aware of the requirement to maintain workers compensation insurance for his employees. Mr. Ackerman, his wife Jody, and two other individuals were partners/officers in the business. As an officer, Mr. Ackerman had the ability to bring the business into compliance with the Workers Compensation Act.
4. On 10 May 1999, Mr. Ackerman noticed a leak on the bottom cylinders of the backhoe. He told plaintiff to remove the two cylinders from the backhoe and meet him in town. Then, Mr. Ackerman left the jobsite. Each cylinder was approximately three feet in length and weighed seventy pounds.
5. Plaintiff removed the hydraulic cylinder from the backhoe without incident. However, as he lifted the second cylinder to carry it to the car, he experienced a pain in his lower left back area which made him go down on his knees.
6. Plaintiff went to the other jobsite and reported hurting his back to Mr. Ackerman, however Mr. Ackerman did not respond. Plaintiff continued to work until 19 May 1999.
7. After plaintiff could no longer tolerate his back pain, he sought treatment at the emergency room of Iredell Memorial Hospital on 16 May 1999.
8. At the request of the hospital staff, plaintiff telephoned Mr. Ackerman to request the number of the workers compensation carrier for the hospital bill. Mr. Ackerman told plaintiff he did not have workers compensation.
9. Plaintiff was medically excused from work for three days due to the back injury.
10. On 18 May 1999, plaintiff returned to the emergency room for a check of his back and leg pain. He was diagnosed with lumbar radiculopathy and was ordered out of work until cleared by Dr. Kuhlman. Prescriptions were provided. However, after they did not ease his back, plaintiff returned on 19 May 1999; and his pain medication was changed to Tylox.
11. On 20 May 1999, plaintiff prepared a Form 18 Notice of Injury which advised his employer of the 10 May 1999 back injury. He mailed it to Total Construction Equipment, LLC at 223 Whippoorwill Rd., Mooresville, NC 28117 and to Bryan Ackerman d/b/a Ackerman Construction at 108 Kingfisher Drive, Mooresville, NC 28117. Plaintiff also prepared a Form 33 Request for Hearing on 20 May 1999 on which he noted the "employer stated he did not have the insurance coverage for me. These were mailed to the same addresses for the employer.
12. Plaintiff also sought and paid for treatment at Carolina Primary 
Urgent Care for his back pain on 21 May 1999. Plaintiff was again excused from work through 25 May 1999.
13. On 27 May 1999, plaintiff went to Davis Hospital for his radiating back pain, following a motor vehicle accident. X-rays revealed focal degenerative disc disease at L5-S1, but no other abnormality. By 2 June 1999, the symptoms from the motor vehicle accident had resolved.
14. Plaintiff last worked for defendant-employer on 19 May 1999. However, after they failed to provide for his medical care, plaintiff moved out of Mrs. Jody Ackermans camper and he did not return to work there.
15. Defendant-employer did not report the injury to the carrier until 16 June 1999, at which time the carrier prepared the Form 19. Defendant-employers address was listed as 108 Kingfisher Drive. According to the Form 19, defendant-employer admitted receiving notice of the injury by 23 May 1999.
16. On 20 August 1999, plaintiff found a job with Anderton Company as a trim painter and limousine driver. Plaintiff worked through 18 September 1999, during which he earned $1,372.51, or an average weekly wage of $274.51.
17. On 21 October 1999, plaintiff began working for a florist for $6.50 per hour. In his first week, plaintiff worked 32.35 hours, which is less than his pre-injury wage.
18. Plaintiff could not afford to obtain treatment from the physician recommended.
19. Any inability to earn wages between 19 May 1999 and the date of the hearing before the Deputy Commissioner on 27 October 1999 was due to plaintiffs work-related back injury of 10 May 1999.
20. The false statements made by Mr. Ackerman by denying he had workers compensation insurance demonstrate bad faith and constitute stubborn, unfounded litigiousness. These statements were designed to prevent plaintiff from filing his claim or obtaining benefits for his work injury. Despite his corporate responsibilities, Mr. Ackerman attempted to perpetuate a fraud on plaintiff by telling him he did not have workers compensation insurance. At the hearing before the Deputy Commissioner on 27 October 1999, Mr. Ackerman attempted to argue that he only meant that he did not know the workers compensation carriers number. However, the plain language of Mr. Ackermans statements to plaintiff and his failure to respond to plaintiffs Form 33, clearly show Mr. Ackerman did not misspeak about his insurance status to plaintiff.
21. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident of the work assigned on 10 May 1999.
22. Defendants did not timely accept or deny plaintiffs claim.
23. Based upon the actions of defendant-employer, specifically Mr. Bryan Ackerman, the Full Commission finds that defendants actions in defending this matter were unreasonable and based upon stubborn, unfounded litigiousness.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident of the work assigned on 10 May 1999. G.S.97-2(6).
2. As a result of his 10 May 1999 injury by accident, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $271.29 per week for the periods of 19 May 1999 through 19 August 1999 and from 19 September 1999 until he began working with Wise Florists on 21 October 1999. G.S. 97-29.
3. As a result of his 10 May 1999 injury by accident, plaintiff is entitled to be paid by defendants temporary partial disability compensation at the rate of two-thirds of the difference between his pre-injury average weekly wage and the reduced wages he was able to earn from 21 October 1999 and continuing through the present, subject to the statutory maximum period of 300 weeks. G.S. 97-30.
4. As a result of his 10 May 1999 injury by accident, plaintiff is entitled to have defendants pay for medical expenses incurred. G.S. 97-25; G.S. 97-25.1. Plaintiff is also entitled to an evaluation for his back in order to determine whether he has reached maximum medical improvement. G.S. 97-2(19).
5. Based upon the actions of defendant-employer, specifically Mr. Bryan Ackerman, the Full Commission concludes that defendants actions in defending this matter were unreasonable and based upon stubborn, unfounded litigiousness, thereby entitling plaintiff to have defendants pay for his reasonable attorneys fees. G.S. 97-88.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff temporary total disability compensation at the rate of $271.29 per week for the periods of 19 May 1999 through 18 August 1999 and from 19 September 1999 until he began working with Wise Florists on 21 October 1999. Said compensation has accrued and shall be paid to plaintiff in a lump sum.
2. Defendants shall pay to plaintiff temporary partial disability compensation plaintiff at the rate of two-thirds of the difference between his pre-injury average weekly wage and the reduced wages he was able to earn from 21 October 1999 and continuing through the present, subject to the statutory maximum period of 300 weeks. The amounts which have accrued shall be paid to plaintiff in a lump sum.
3. A reasonable attorneys fee equaling twenty-five percent (25%) of the compensation awarded to plaintiff in paragraphs 1 and 2 above is hereby approved to be paid directly to plaintiffs counsel by defendants because of the actions of defendant-employer, specifically Mr. Bryan Ackerman, pursuant to G.S. 97-88.1.
4. Defendants shall pay medical expenses incurred as the result of plaintiffs 10 May 1999 injury by accident.
5. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER